NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1787
_____

GAVIN COCO,
Appellant

v.

JOSH DEAR, individually;
HELEN ZANE, individually

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-18-cv-01902)
District Judge:  Honorable Gregory B. Williams
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on January 30, 2024

Before: CHAGARES, *Chief Judge*, RESTREPO, and FREEMAN, *Circuit Judges*

(Filed: April 10, 2024)
_____

OPINION[*]
_____

---

[*]  This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*

Appellant Gavin Coco was injured during a 2018 Memorial Day weekend incident which culminated in his arrest after officers accused him of striking a police horse. Coco, who denies any wrongdoing, brought this action against Officers Helen Zane and Josh Dear ("Appellees") alleging multiple federal and state law claims. Coco appeals the District Court's grant of summary judgment to the officer defendants on all counts. We will affirm the grant of summary judgment as to Counts II through V and vacate and remand for further proceedings as to Count I.

## I.

Coco was walking with Jason Epps and other friends along Route 1 in Dewey Beach, Delaware during the early morning hours of May 27, 2018, when the group stopped to observe a commotion in a nearby parking lot involving the arrest of an African American woman. Epps began recording the police interaction. After a local officer on foot told them the area was restricted, mounted state police Officers Dear and Zane approached and ordered Coco to leave. Officer Dear then attempted to use his horse to block Coco from the parking lot area, but in doing so, his horse stepped on Coco's toe. Appellees allege that during the incident, Coco touched or punched Officer Zane's horse, prompting Zane to grab Coco by the shirt so that another officer, Jason Lovins, could place Coco under arrest.

Following these events, Coco filed a civil action seeking damages for violations of state and federal law. Specifically, Coco alleged claims against Officer Zane for Fourth Amendment unlawful detention pursuant to 42 U.S.C. § 1983 (Count I), and malicious

2

prosecution under Delaware law (Count III). Coco further claimed Fourth Amendment use of excessive force pursuant to 42 U.S.C. § 1983 (Count II), battery pursuant to Delaware law (Count IV), and First Amendment retaliation (Count V), against both Appellees. The District Court granted summary judgment to Appellees on April 5, 2023, and Coco timely appealed.

## II. [1]

Our review of the District Court's order granting summary judgment is plenary, and we apply the same standard as the District Court. *Ellis v. Westinghouse Elec. Co.*, 11 F.4th 221, 229 (3d Cir. 2021). Summary judgment is only appropriate if no genuine dispute of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Genuine disputes of material fact exist if, when the evidence is viewed in the light most favorable to the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### A. Unlawful detention (Count I against Officer Zane)

Coco argues that the presence of a genuine dispute of material fact as to probable cause precludes summary judgment on his unlawful detention claim. We agree. A claim for unlawful detention brought pursuant to 42 U.S.C. § 1983 requires a plaintiff to establish a Fourth Amendment seizure without probable cause. *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020); *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir.

---

[1] The District Court had jurisdiction over Coco's federal law claims pursuant to 28 U.S.C. §§ 1331 & 1343(a)(3) and had supplemental jurisdiction over Coco's state law claims pursuant to 28 U.S.C. § 1367(a). This Court has jurisdiction under 28 U.S.C. § 1291.

2012). Where, as here, the parties do not dispute whether a seizure occurred, summary judgment is "proper only if no reasonable juror could find a lack of probable cause." *Harvard*, 973 F.3d at 199.

"To determine whether an officer had probable cause to arrest an individual, we examine the events leading up to the arrest, and then decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)). "[W]e view all such facts and assess whether any reasonable jury could conclude that those facts, considered in their totality in the light most favorable to the nonmoving party, did not demonstrate a 'fair probability' that a crime occurred." *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 468 (3d Cir. 2016) (emphasis omitted).

Relying on testimony from Officers Zane and Lovins, who stated they saw Coco punch Zane's horse, causing the horse's head to jerk back, the District Court found that Officer Zane had probable cause to seize Coco for harassment of a law-enforcement animal.[2] In reaching its conclusion, the District Court noted that Coco and Epps agreed

---

[2] Del. Code tit. 11, § 1250(a)(1) provides:

> A person is guilty of harassment of a law-enforcement animal when such person intentionally harasses, taunts, menaces, challenges or alarms a law-enforcement animal in such a manner as is likely to provoke from such animal a violent, defensive or threatening response, such as lunging, baring of teeth, kicking, spinning or jumping, if such response from the animal causes alarm, distress, fear or risk of injury to any person or to the animal.

4

with Appellees that, in the moments before Coco's arrest, Officer Zane had said "[h]e touched my horse." J.A. 9.

But Coco testified that he did not touch the horse. Additionally, reports from other officers present at the scene noted uncertainty over whether Coco punched, struck, or touched the horse. For example, Officer Kemp noted in her testimony that there was intradepartmental controversy on the night of the incident over whether Coco had punched the horse. Officer Bowden similarly stated that he did not recall Coco behaving aggressively toward the horse and conceded that any contact between the two may have been unintentional. And Officer Litten noted that his memory did not "jive with" video recordings of the incident. J.A. 563–565. Further, Officer Dear conceded that Coco was too far away from Officer Zane to have punched her horse at the moment she accused him of doing so.

Contrary to the District Court's conclusion, whether Coco was approaching Officer Zane and her horse is also in dispute.[3] Although Officer Zane contends that Coco approached her and Officer Dear's horses, Coco testified that both mounted officers came towards him and corralled him into a parked police car. Coco's version of the events was corroborated by other officers' deposition testimonies, which stated that a video recording of the incident depicts the horses leading Coco towards the parked car.

Viewing the facts in the light most favorable to Coco as the non-moving party, we

---

[3] The District Court stated, "There is no dispute that Coco was approaching Zane and [her horse] and that he was in close proximity to them." J.A. 9.

5

conclude there is a genuine dispute as to whether there was probable cause to arrest Coco for harassing a police horse under Del. Code tit. 11, § 1250(a)(1). We cannot conclude that the facts of record demonstrate a "fair probability" that Coco committed a crime when persons present during the incident disagree about the events underlying Coco's arrest. *Dempsey*, 834 F.3d at 468. Thus, Coco's unlawful detention claim survives summary judgment.

### B. Malicious prosecution (Count III against Officer Zane)

Our conclusion that probable cause is disputed might have revived Coco's malicious prosecution claim if not for the requirement that Coco must demonstrate that Officer Zane harbored malice in bringing charges against him.[4] Malice requires a showing that Zane acted "with a wrongful or improper motive or with wanton disregard" of Coco's rights. *Scott v. Moffit*, No. N18C-11-015, 2019 WL 3976068, at *6 (Del. Super. Ct. Aug. 20, 2019). In other words, Coco must show that Zane "had no sufficient reason

---

[4] To establish malicious prosecution under Delaware law, a plaintiff must show:

> (1) a prior initiation of some regular judicial proceedings against the now-plaintiff; (2) such former proceedings must have been initiated by the now-defendant; (3) the former proceedings must have terminated in favor of the now-plaintiff; (4) the now-defendant must have harbored malice in instituting the former proceedings; (5) there was an absence of probable cause in the former proceedings; and (6) the now-plaintiff suffered injury or damage resulting from the former proceedings.

*Smith v. First State Animal Ctr. & SPCA, Inc.*, No. S15C-12-025, 2018 WL 4829991, at *7 (Del. Super. Ct. Oct. 4, 2018) (citations omitted), *aff'd*, 212 A.3d 803 (Del. 2019) (unpublished).

to believe []he was guilty." *Id.*

Coco claims that the officers' actions were directed at him because a member of his party was recording an arrest and his group did not immediately leave the scene. He suggests that evidence of malice is somehow inherent in the officers' "ever escalating accusations" regarding his alleged encounter with the police horse. Appellant Br. 17.

We note that under Delaware state law, "malicious prosecution is viewed with disfavor and assessed with special scrutiny." *Spence v. Spence*, No. K11C-06-035, 2012 WL 1495324, at *3 (Del. Super. Ct. Apr. 20, 2012). "[A] bare allegation" that charges were brought "solely to intimidate and harass is insufficient." *Nix v. Sawyer*, 466 A.2d 407, 412 (Del. Super. Ct. 1983). Though the existence of probable cause to arrest remains an open question, the facts of record, even when viewed in the light most favorable to Coco, do not establish that Officer Zane "had no sufficient reason to believe" he harassed her horse. *Scott*, 2019 WL 3976068, at *6. If Zane's "purpose was otherwise a proper one the addition of the incidental fact that [s]he felt indignation or resentment toward [Coco] will not make [her] liable." *Kaye v. Pantone, Inc.*, 395 A.2d 369, 372 (Del. Ch. 1978) (citations omitted).

Coco failed to sufficiently allege that the Appellees acted with an improper motive or wanton disregard for his rights. We therefore conclude that no reasonable juror could find that Officer Zane maliciously prosecuted Coco, and we will affirm the grant of summary judgment for Officer Zane as to Count III.

### C. Excessive force (Count II against Appellees)

The District Court properly granted summary judgment to the officers on Coco's

7

claim that they employed excessive force during his arrest in violation of his Fourth Amendment rights. To establish excessive force, "a plaintiff must show that a 'seizure' occurred and that it was unreasonable." *Estate of Smith v. Marasco*, 318 F.3d 497, 515 (3d Cir. 2003) (quoting *Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999)). A seizure involves "a governmental termination of freedom of movement through means intentionally applied." *Brower v. County of Inyo*, 489 U.S. 593, 597 (1989) (emphasis omitted).

Courts assess the reasonableness of the officers' actions objectively, "without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Whether an officer's use of force is "objectively reasonable" depends on "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396–97.

We agree with the District Court that Coco failed to present sufficient evidence that Officer Dear seized him. Although Officer Dear conceded that he used his horse to curtail Coco's movement, Coco was not seized until Officer Zane grabbed him by the shirt. Until that moment, Coco admits he was still able to "kind of calmly side-step[] to [his] left," J.A. 417, and would have been able to leave the area. *See California v. Hodari D.*, 499 U.S. 621, 626 (1991) (holding that a seizure does not occur where a party does not yield to an officer's application of physical force or show of authority).

8

That Officer Zane seized Coco by grabbing his shirt is undisputed. The remaining question is whether Zane's use of force was objectively reasonable in light of the circumstances. *See Graham*, 490 U.S. at 396. Coco alleges that after Zane exclaimed, "[h]e touched my horse," she "forcefully grabbed [his] shirt from the back" and used profanity. J.A. 33. Coco does not contest that, prior to being seized, he did not obey officers' instructions to leave the scene, or that he attempted to walk away after being notified that he was under arrest. Given these circumstances, we agree with the District Court that no reasonable juror could conclude Zane's act of grabbing Coco's shirt constituted excessive force in violation of the Fourth Amendment. Summary judgment was thus appropriately granted to Officer Zane on this claim.

D. Battery (Count IV against Appellees)

Coco's battery claim fails because his allegations do not preclude the grant of immunity under Delaware law. The Delaware State Tort Claims Act

> exempts state employees from civil liability for their actions unless the plaintiff proves the absence of one or more of the following three elements: (1) The act or omission complained of arose out of and in connection with the performance of an official duty . . . ; (2) The act or omission complained of was done in good faith and in the belief that the public interest would best be served thereby; and (3) The act or omission complained of was done without gross or wanton negligence[.]

*Roberts v. White*, 698 F. Supp. 2d 457, 462 (D. Del. 2010) (alterations in original) (citing Del. Code tit. 10, § 4001).

Although Coco correctly argues summary judgment could be precluded by a demonstration of evidence permitting an inference of bad faith, he points to no specific

9

examples in the record that support such an inference. We will therefore affirm the grant of summary judgment for Appellees on this claim.

### E. First Amendment Retaliation (Count V against Appellees)

Finally, we agree with the District Court's finding that Coco lacks standing to assert First Amendment retaliation. Standing in this context depends on an injury to a legally protected First Amendment interest. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *Associated Builders & Contractors W. Pa. v. Cmty. Coll. Allegheny Cnty.*, 81 F.4th 279, 288 (3d Cir. 2023). Moreover, the requirements of standing demand that the litigant himself suffer the injury; he cannot achieve standing by asserting the legal interest of a third party. *Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 537–38 (3d Cir. 1994); *Davis v. Phila. Hous. Auth.*, 121 F.3d 92, 96 (3d Cir. 1997).

Coco alleges his First Amendment rights were violated because Appellees "prohibit[ed] the recording of police activity" and "retaliat[ed] against" him "for exercising his First Amendment rights." J.A. 38. Coco cannot establish standing due to the simple fact that he was not recording the arrest of the woman in the parking lot; his friend was. Thus, we will affirm the District Court's grant of summary judgment to Appellees on Count V.

### F. Qualified Immunity

Because the District Court granted summary judgment in favor of Appellees on all of Coco's constitutional claims, it never reached the merits of Appellees' qualified immunity defense. But our holding that Coco's unlawful detention claim survives summary judgment requires that the applicability of this defense now be addressed.

10

Although Appellees urge us to decide the merits of their qualified immunity defense on appeal, we decline to do so.[5] *See O'Hanlon v. Uber Techs., Inc.*, 990 F.3d 757, 762 n.3 (3d Cir. 2021) ("[A]s a 'court of review, not of first view,' . . . we will analyze a legal issue without the district court's having done so first only in extraordinary circumstances." (citation omitted)). Rather, we will remand this matter so that the District Court can adjudicate the remaining claim against Zane and decide whether she is entitled to qualified immunity.

III.

Accordingly, we will vacate the District Court's order as to Count I and remand for further proceedings. We will affirm on all other counts.

---

[5] Appellees argue that "'[w]here . . . the issues are purely legal and ripe for review' and litigation has been lengthy, 'remand on the immunity claims would not be appropriate.'" Appellee Br. 20 (quoting *In re Montgomery Cnty.*, 215 F.3d 367, 374–75 (3d Cir. 2000)); *see also Oliver v. Roquet*, 858 F.3d 180, 189 n.4, 196 (3d Cir. 2017) (finding defendant was entitled to qualified immunity on appeal even though the district court did not address the issue at the summary judgment stage). Notably, however, the cases the Appellees cite dealt with situations where summary judgment was denied and qualified immunity was therefore denied by implication. Given that the District Court *granted* summary judgment to Appellees, and this matter involves disputed factual issues (not purely legal ones), the circumstances of this case do not fit neatly within the parameters of *In re Montgomery*'s holding.

11